U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 2 0 2006
CLERK, U.S DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FRANK DORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:05-CV-115-C |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION

Plaintiff Frank Dore seeks judicial review of a decision of the Commissioner of Social Security, denying his application for Supplemental Security Benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1382. The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court affirm the Commissioner's decision.

## I. Standard of Review

Judicial review of the Commissioner's denial of Social Security benefits is limited to two issues: (1) whether the Commissioner's final decision is supported by substantial evidence, and (2) whether the Commissioner used proper legal standards to evaluate the evidence. 42 U.S.C. § 405(g); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citations

omitted). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the Commissioner's decision, and if the court finds that the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citations omitted). A finding of no substantial evidence is appropriate only if no credible evidentiary choices exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## II. Statement of the Case

At the time he filed his application for SSI Dore was forty-nine years old and had previously worked as a teacher's aide, a needs assessor, a cook, and a receptionist. (Tr. 55, 71, 384.) Dore reported that he quit his last job as a receptionist and cook at the South Plains Aids Resource Center in 1991 or 1992 to deal with alcoholism and did not attempt to return to work after that time. (Tr. 70, 98, 221.)

In 1998 Dore was convicted of a crime and subsequently incarcerated in the Texas Department of Criminal Justice (TDCJ). (Tr. 98.) In 1999 physicians at TDCJ diagnosed Dore with Human Immunodeficiency Virus (HIV) and thereafter monitored and treated Dore's condition as needed. (*See, e.g.*, Tr. 112-15, 201-05, 217.) TDCJ records show that with the exception of a bout with viral bronchitis, Dore remained free from infection despite his HIV and consistently reported that he was doing well with very few health-related complaints. (Tr. 112, 167, 187, 195, 201, 205, 215.)  Dore was released from prison in January 2003 and sought treatment at the South Plains Aids Resource Center that spring. (Tr. 73, 224-42.) He applied for SSI on May 20, 2003. (Tr. 55, 73.)

In June 2003 Dore sought treatment at Texas Tech University Health Sciences Center (TTUHSC) and a physician there confirmed the diagnosis of HIV and diagnoses of hypoglycemia, hyperlipidemia, hypertriglyceridemia, pancreatic deficiency, and diabetes mellitus type II. (Tr. 347-48.) At that time Dore reported daily diarrhea, a history of neuropathy in his upper and lower extremities, gastroesophageal reflux disease, and mild shortness of breath with exertion. (Tr. 347.)

Laboratory tests continued to show that Dore's HIV was controlled but in December 2003, he was treated for bronchitis. (Tr. 228-29.) In February 2004, Dore's diabetes was controlled but he reported worsening numbness and pain in his feet. (Tr. 330.) In April 2004, however, he reported that he felt well and was feeling better than before and it was noted that his neuropathy was much improved with treatment. (Tr. 329.) On June 22, 2004, at a four-month check up at TTUHSC Dore complained again of neuropathy and diarrhea. (Tr. 320-21.) His physicians noted that Dore had not lost weight and believed his diarrhea was caused by his diabetes medication. (*Id.*) One week later Dore reported to his physicians that he felt well and it was noted that he had no acute problems; his diabetes was better; his neuropathy was stable; his lipid count had improved; his depression was improved; and he was taking Viagra along with his other medications. (Tr. 322-23.)

On November 13, 2004, an Administrative Law Judge (ALJ) issued a decision in which he found Dore not disabled at the fourth step of the sequential disability evaluation process. (Tr. 16-25.) He found that Dore retained the residual functional capacity to perform

sedentary work and that he could therefore perform his past work as a receptionist and as a needs assessor. (Tr. 25.) The Appeals Council denied Dore's request for review. (Tr. 4-6.)

Dore contends that the ALJ erred in failing to accord controlling weight to the opinions offered by his treating physicians and that he erred in "picking and choosing" only the evidence that supported his decision.

### III. Discussion

At TTUHSC Dore was treated primarily by Alejandro Perez-Verdia, M.D., a resident physician who worked under the direction of professors Lynn Bickley, M.D., and Dolores Buscemi, M.D. On November 12, 2003, Drs. Perez-Verdia and Buscemi signed a "To Whom It May Concern" letter advising that Dore had "multiple medical problems that at [that] time ke[pt] him from working." (Tr. 301, 308.) On April 13, 2004, Drs. Perez-Verdia and Bickley signed a similar letter indicating that Dore had "multiple advanced medical problems that at [that] time ke[pt] him from maintaining a job or obtaining steady work." (Tr. 300.) The ALJ declined to accord controlling weight to the opinions in the letters because he determined that they were inconsistent with other evidence in the record. (Tr. 21.)

The Commissioner has exclusive responsibility for determining whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e)(1). Thus, the ALJ may give little or no weight to a treating physician's opinion that is brief and conclusory, not supported by medically acceptable clinical or laboratory diagnostic studies, or is otherwise unsupported by the evidence. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). Further,

an opinion by a medical source that a claimant is "disabled" or "unable to work" does not require a finding of disability, 20 C.F.R. § 416.927(e)(1); the Commissioner does not "give any special significance to the source of an opinion on issues reserved to the Commissioner," 20 C.F.R. § 416.927(e)(3); *see also Frank v. Barnhart,* 326 F.3d 618, 620 (2003); *Barajas v. Heckler*, 738 F.2d 641, 645 (5th Cir. 1984) (citing 20 C.F.R. § 416.927) (a statement made by a treating physician that a claimant is disabled does not mean that the claimant is disabled for purposes of the Social Security Act; that conclusion may be determined only by the Commissioner).

The opinions at issue in this case must be characterized as conclusions reserved to the Commissioner because the opinions, if adopted, would compel a conclusion of disability and thereby supplant the Commissioner's statutory authority to determine disability as that term is defined under the Social Security Act. As such, the opinions were not entitled to special significance. 20 C.F.R. § 416.927(e)(3). Further, the opinions are not supported by the physicians' treating records. (*See e.g.,* Tr. 228-29, 329.) Therefore, Dore's contention that the ALJ erred in failing to accord the opinions controlling weight must be rejected.

Likewise, Dore's contention that the ALJ erred in "picking and choosing" only portions of the record that support his position must also be rejected. Although the ALJ cannot pick and choose only evidence that supports his position, *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000), his decision must stand or fall with the reasons set forth in his decision, *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). In this case, the ALJ included a fair

summary of the medical evidence in his decision and cited evidence in the record that demonstrated that Dore's medical conditions had improved with medication and were stable and that he had remained free of infectious diseases for many years despite having HIV. (Tr. 24.) Therefore, Dore's argument must be rejected.

## IV.    Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the decision of the Commissioner and dismiss Dore's Complaint with prejudice.

## V.    Right to Object

Pursuant to 29 U.S.C.§ 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _____January 20_____, 2006.

NANCY M. KOENIG
United States Magistrate Judge